Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2370 | DATE | 8/8/2001 |
| CASE TITLE | NATIVE AMERICAN ARTS, INC. vs. EARTH DWELLER, ET AL. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion to dismiss the complaint [10-1] is denied. Defendant Waldron is ordered to answer the complaint by August 17, 2001. Defendants Earth Dweller, Ltd. and John Doe 1 to 10 are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 10 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | */s/ eaw* | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 8/8/2001 | |
| | | 01 AUG -9 PM 4: 27 | date mailed notice | |
| sb | courtroom deputy's initials | Date/time received in central Clerk's Office | pg mailing deputy initials | |

NATIVE AMERICAN ARTS, INC.	)
	)
	Plaintiff,	)	No. 01 C 2370
	)
	)	Suzanne B. Conlon, Judge
v.	)
	)
EARTH DWELLER, LTD., ET AL.	)
	Defendants.	)

# MEMORANDUM OPINION AND ORDER

Native American Arts, Inc. ("NAA") filed a two-count complaint[1] against Earth Dweller, Ltd., Trisha Waldron, The Alchemists, Inc., and John Doe 1 to 10 Unidentified Suppliers to Earth Dweller, Ltd. for violations of the Indian Arts and Crafts Act of 1990 and The Indian Arts and Crafts Enforcement Act of 2000 (collectively "IACA" or "the Act"), 25 U.S.C. §305e (Count I), and for punitive damages under the IACA pursuant to 25 U.S.C. § 305e(b) (Count II). The claims arose from defendants' alleged fraudulent offer, display, and sale of goods as Indian-produced. Waldron moves to dismiss the complaint on three grounds, arguing that: (1) the complaint is duplicative of three other actions filed in the Northern District of Illinois; (2) Waldron has not violated the IACA; and (3) the IACA is unconstitutionally vague and overbroad.

NAA has voluntarily dismissed a duplicate action. *Native American Arts, Inc. v. Trisha Waldron*, No. 01 C 1693 (Judge Norgle). Another duplicative action has been dismissed without prejudice. *Native American Arts, Inc. v. Bundy-Howard, Inc. d/b/a/ Bear Tracks et al*, No. 01 C

---

[1] The Alchemists, Inc. was voluntarily dismissed.

-1-

1618, 2001 WL 811147 (N.D. Ill. July 17, 2001) (Judge Shadur). The last duplicative action has also been dismissed. *Native American Arts, Inc. v. Buckboard, et al*, No. 01 C 753 (Judge Lindberg). The present action is the only remaining case brought by NAA against Waldron. Thus, the first ground raised by Waldron in its motion to dismiss – duplicity of actions – is moot. Accordingly, the court will address the remaining grounds for Waldron's motion to dismiss.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). NAA is a wholly Indian-owned arts and crafts organization involved in distribution of authentic Indian arts and crafts. NAA is an Indian arts and crafts organization as defined in 25 U.S.C. § 305e(d)(4). Waldron's business is located in Rapid City, South Dakota, and is involved in the wholesale, manufacture, and supply of Indian art, craft and jewelry products in traditional Indian style, motif, and design.

The Indian Arts and Crafts Act prohibits "a person who, directly or indirectly, offers or displays for sale or sells a good ... in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization." 25 U.S.C. §305e(a). Section 305e was amended by the Indian Arts and Crafts Enforcement Act of 2000 to allow Indian arts and crafts organizations to bring civil actions on their own behalf. 25 U.S.C. § 305e(c)(1)(C). The thrust of NAA's complaint is that Waldron violated the IACA by displaying, offering for sale, and selling bear fetish earrings and other Indian arts and crafts using tags, brochures and catalogues that falsely suggested they were manufactured by Native Americans, when in fact they were not.

I.  **Standard of Review**

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may not be dismissed if there is a set of facts that, if proven, would entitle a plaintiff to relief. *Travel All Over the World*, 73 F.3d at 1430. A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, a court is not required to accept conclusory allegations as true. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994).

Both Waldron and NAA incorrectly assert that the applicable standard of review in a motion to dismiss concerning an IACA claim is Rule 8(a) of the Federal Rules of Civil Procedure. Actions brought pursuant to the IACA, which inherently concern misrepresentation, are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Native American Arts, Inc. v. Village Originals*, 25 F.Supp.2d 876, 879-80 (N.D. Ill. 1998); *Ho-Chunk Nation v. Nature's Gifts, Inc.*, No. 98 C 3961, 1999 WL 169319, at *5 (N.D. Ill. March 19, 1999). Rule 9(b) requires that complaints "[i]n all averments of fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) requires plaintiffs to state with particularity the factual basis for the alleged fraud, including: (1) the identity of the person(s) who made the misrepresentations; (2) the time, place, and content of the misrepresentations; and (3) the method by which the misrepresentation was communicated to the plaintiff. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.2d 1074, 1078 (7th Cir. 1997). In other words, Rule 9(b) requires the "who, what, when, where, and how" of the circumstances of the fraud or mistake. *DiLeo v. Ernst*

& Young, 901 F.3d 624, 627 (7th Cir. 1990). Rule 9(b) is intended to "protect defendants' reputations, prevent [discovery] fishing expeditions, and to provide adequate notice to defendants of the claims against them." *Fugman v. Aprogenex, Inc.*, 961 F. Supp. 1190, 1194 (N.D. Ill. 1997).

II. **Sufficiency of Pleadings under Rule 9(b)**

Waldron asserts that the allegations set forth in the complaint fail to show she has violated the IACA. However, Count I satisfies Rule 9(b)'s standards. First, the complaint identifies the dates on which the goods were displayed, offered for sale, and sold. *Pucci v. Litwin*, 828 F. Supp. 1285, 1297 (N.D. Ill. 1993). NAA alleges Waldron displayed, offered for sale, and sold goods to Earth Dweller. Photographs are attached to the complaint as exhibits. Second, NAA identifies the parties to the transaction by alleging the products were sold by Waldron to Earth Dweller, and to the public through Earth Dweller. Third, NAA sufficiently describes the method in which the misrepresentation occurred. The complaint alleges Waldron displayed, offered for sale, and sold these products to Earth Dweller, and to the public through Earth Dweller, by attaching advertising, marketing, and promotional tags that falsely suggested they were "Indian made, an Indian product or a product of an Indian tribe or Indian arts and crafts organization." Complaint ¶ 29. The promotional tags attached to the complaint as exhibits refer to the Zuni and Plains tribes.[2]

---

[2] Waldron submits numerous exhibits, contending that Fed. R. Civ. P. 10(c) permits the attachment of these documents because they were referred to in NAA's complaint. Documents attached to a motion to dismiss are considered part of the pleadings where they are referred to in the complaint and are central to plaintiff's claim. *See Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Village Originals*, 25 F.Supp.2d at 880 n.1. Waldron's Exhibits B and D can be considered. Exhibit B consists of brochures, and catalogues that are referred to in ¶ 29 of the complaint. Exhibit D are sale tags referred to in ¶ 29. However, Exhibit C is a complete printout of Waldron's website that is not mentioned anywhere in the complaint. Hence, the court shall consider only the contents of the tags, brochures, and catalogues in Exhibits B and D without converting this motion into one for summary judgment.

Furthermore, the brochures and catalogues attached as Exhibit B to Waldron's motion to dismiss depict Native American people and discuss the contribution of Waldron's profits to Native American causes. *See Village Originals*, 25 F.Supp.2d at 880 n.1 (declining to grant motion to dismiss because tags depicted Native American females handcrafting various products). Exhibit B also refers to jewelry designated as Zuni, Sioux, Hopi, Cherokee, and Plain tribes. Finally, NAA identifies the place where the alleged transaction occurred. The complaint states that on January 4, 1997, the goods depicted in Exhibits A and B were sold at Earth Dweller's store at Lincolnwood Town Center, in Lincolnwood, Illinois.

In support of her motion to dismiss, Waldron makes much of the fact that, as stated in ¶ 33 of the complaint, an agent of Waldron admitted that Waldron's products were not Indian-made. The alleged statement by Waldron's agent merely gives rise to a dispute of fact as to whether the goods have been offered, displayed and sold in a manner falsely suggesting they are Indian-made. While Waldron is free to use an admission against NAA in future proceedings, that statement does not diminish the fact that the NAA has met the pleading requirements of Rule 9(b) by stating the "who, what, where, when and how" of the violation. Moreover, a fair reading of the complaint demonstrates NAA has provided sufficient notice to Waldron. *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 747 F.2d 384, 405 (7th Cir. 1984). Accordingly, the court finds that NAA has satisfied the pleading requirements of Rule 9(b).

### III. Constitutionality of the IACA

Waldron challenges the constitutionality of the IACA by arguing it is overbroad and vague. At the outset, two judges of this court have addressed challenges to the IACA on grounds of

overbreadth and vagueness, and have held the Act constitutional. *See Village Originals*, 25 F.Supp.2d at 880-81 (Manning, J.); *Nature's Gifts*, 1999 WL 169319, at *3-4 (Holderman, J.). Waldron attempts to distinguish *Village Originals* and *Nature's Gifts* by asserting that she is the designer and creator of the arts and crafts in question, whereas *Village Originals* and *Nature's Gifts* involved defendants who were retailers. That distinction is immaterial. Waldron is sued for her role as a retailer and not as an artist. The IACA "does not interfere with the artistic content of [defendant's] merchandise and only regulates the purely commercial aspect stemming from potential false advertising that is unprotected conduct." *Village Originals*, 25 F.Supp.2d at 881.

The United States Supreme Court in *Hoffman Estates v. Flipside*, 455 U.S. 489, 494 (1982), established a two-part test to determine whether a statute is unconstitutional on grounds of vagueness and overbreadth. First, the court must determine whether the statute significantly impacts constitutionally protected conduct. *Hoffman Estates*, 455 U.S. at 494. If it does not, then the overbreadth challenge fails. Second, "[t]he court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all its applications." *Id.* at 494-95.

Applying the first part of the *Hoffman Estates* test, the IACA requires First Amendment scrutiny because it involves the expressive aspects of commercial advertising. *Village Originals*, 25 F. Supp. at 880. Commercial speech is defined as expression solely related to the economic interests of the speaker and its audience. *Virginia Pharmacy Bd. v. Virginia Citizens Consumer Council*, 425 U.S. 748, 762 (1976). Since the IACA regulates the manner in which the display, offer for sale, and sale of goods takes place, the Act must be examined under the standards applicable to the protection of commercial speech. Waldron disputes this conclusion, contending instead that the

IACA does not concern commercial speech but artwork that is entitled to full First Amendment protection. Waldron's assessment of the scope of the IACA misses the mark. The IACA does not restrict the design or manufacture of products in traditional or nontraditional Indian style or motif. Neither does the IACA deter or hinder the creative and artistic expression of an artist like Waldron. Waldron's argument is flawed because the IACA restricts the manner in which the product is displayed, offered for sale and sold, not the artistic quality of the merchandise. Simply put, the IACA regulates the means of promoting the Indian product, not the product itself.

Furthermore, Waldron attempts to escape classification of her material as commercial speech by arguing that the goal of her advertising and promotional materials is to "spread her message" and educate people about Native American culture through her stories. Where the primary purpose of the work is commercial, the addition of non-commercial information will not mask the commercial nature of the work. *Bolger v. Youngs Drug*, 463 U.S. 60, 68 (1983). The brochures, catalogues, and sales tags, depicted in various exhibits, clearly show that the primary purpose of these "messages" is to promote the sale of Waldron's products.

The First Amendment protects commercial speech in order to safeguard its informational function of advertising. *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 563 (1980). The Supreme Court, in analyzing first amendment challenges to commercial speech, promulgated a four-part test in *Central Hudson*. For commercial speech to receive protection under the First Amendment: (1) it must concern lawful activity and not be misleading; (2) the asserted governmental interest must be substantial; (3) the regulation should directly advance the governmental interest asserted; and (4) it must not be more extensive than is necessary to serve that interest. *Id.* at 566.

The IACA bans only false and misleading statements regarding the authenticity of Indian arts and crafts. It seeks to protect "Indian sellers of arts and crafts by preventing non-Indians from exploiting the market value and goodwill associated with authentic, Indian-made products; this also benefits consumers who prefer authentic goods and are willing to pay more for them." *Flordine v. State Farm Insurance, Co.*, No. 99 C 7466, 2001 WL 2047865, at * 6 (N.D. Ill. March 1, 2001). Non-Indian makers of such goods must not "pass off" their products as ones made by Indians, Indian tribes or Indian arts and crafts organizations when they are not. *See Ho-Chunk Nation v. J.C. Penney*, No. 98 C 3924, 1999 WL 1068700 (N.D Ill. Nov. 17, 1999) (noting that the IACA's "falsely suggests" clause "was intended to be construed as parallel and analogous to the Lanham Act"). Thus, under the first prong of the *Hoffman Estates* test, the IACA regulates misleading commercial speech unprotected by the overbreadth doctrine. Additionally, the overbreadth doctrine does not even apply to commercial speech. *Village Originals*, 25 F.Supp.2d at 880 (citing *Central Hudson*, 447 U.S. at 565 n.8); *see also United States v. Walton*, 36 F.3d 32, 35-36 (7th Cir. 1994).

Turning to the second prong of the *Hoffman Estates* test, the court must examine the conduct alleged in NAA's complaint for vagueness before reaching any hypothetical applications of the law. *Hoffman Estates*, 455 U.S. at 495. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. *Id.* "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Id.* at n.7 (citing *Parker v. Levy*, 417 U.S. 733, 756 (1974)). A statute may be vague to the point of unconstitutionality in two ways: (1) if it does not give a person of ordinary intelligence a reasonable opportunity to comply with the law; and (2) if the law lacks explicit standards for its application and thereby creates the danger that the law will be imposed on an *ad hoc* basis with the risk of arbitrary

and discriminatory enforcement. *Walton*, 36 F.3d at 35. Economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses can be expected to consult relevant legislation in advance of action. *Id.* at 498.

Waldron contends that the IACA is unconstitutionally vague because any person who creates artwork in Indian style can be subject to civil liability under the IACA. According to Waldron, the IACA is vague because that Act, and the Code of Federal Regulations promulgated by the Secretary of Interior in 25 C.F.R. § 309.2 - 309.3, do not define the terms "traditional or nontraditional Indian style", "falsely suggests" and "unqualified".

The court finds the purported use of brochures, catalogues and tags used by Waldron clearly proscribed by the IACA. Waldron allegedly displayed, offered for sale, and sold goods that falsely suggested it was Indian through these brochures, catalogues and sales tags. *See* Complaint ¶ 29. The application of the IACA to Waldron's actions is not vague, and Waldron's facial challenge fails. The court further rejects Waldron's argument regarding the vagueness of various terms in the IACA. The term "traditional or nontraditional Indian style" constitutes part of the Code of Federal Regulations that only serves to illustrate the term "Indian product" as used in 25 U.S.C. §305e(a). The definition of "Indian product" in the Code of Federal Regulations is clear - it is defined as a product "made by an Indian." 25 C.F.R. §309.2. Additionally, as the court notes above, the creation of artwork is not covered by the IACA because the Act primarily concerns "false suggestions" and the "manner" in which the display, offer for sale, or sale of an Indian product occurs. *Village Originals*, 25 F.Supp.2d at 80-81 (rejecting vagueness challenge on the same grounds); *Nature's Gifts*, 1999 WL 169319, at *4-5 (same).

The court notes that Waldron waited until her reply brief to raise the vagueness argument with respect to the terms "falsely suggests" and "unqualified". It is well-settled that arguments not raised until the reply brief are waived. *United States v. Turner*, 203 F.3d 1010, 1019 (7th Cir. 2000); *Marshall v. Golfview Development Center, Inc.*, No. 99 C 7384, 2001 WL 648628, at * 7 (N.D. Ill. June 7, 2001). Hence, the court will not address those arguments.

Finally, a number of Waldron's additional arguments are moot. Waldron attempts to characterize the IACA as a content-based restriction subject to strict scrutiny. *Texas v. Johnson*, 491 U.S. 397, 412 (1989). However, the IACA merely regulates misleading commercial speech and therefore does not receive the protections of the First Amendment under *Central Hudson*. For similar reasons, Waldron's argument that intermediate scrutiny review for commercial speech is warranted under *Central Hudson* lacks merit.

## CONCLUSION

The motion to dismiss is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

August 8, 2001