Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2370 | **DATE** | 5/29/2002 |
| **CASE TITLE** | NATIVE AMERICAN ARTS, INC. vs. EARTHDWELLER, LTD. and THE WALDRON CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motions *in limine* [90-1] are granted in part and denied in part. Motions *in limine* 1, 3, 5, 8, 12, 13, 14 are granted; motions *in limine* 2, 4, 6, 7, 9-11, 15, 16 are denied. Plaintiff's motions *in limine* to bar defendant's assertions that defendant's products are not falsely suggestive of being Indian-made [85-1], expert testimony of Linda A. Olson [87-1] and Brendan Burke [86-1], and to bar reference to IACA's statutory damage provision [88-1] are denied. Defendant's forty-nine motions *in limine* are denied. Defendant's motion *in limine* to preclude evidence of survey and testimony of Thomas Watkins is granted. Defendant's motion *in limine* to preclude testimony of James T. Berger is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

/s/ Suzanne B. Conlon

| | | | Document Number |
|---|---|---|---|
| ☒ | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 31 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | CDY | 107 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5/29/2002 | |
| | | date mailed notice | |
| CB | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | CB mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 2370 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| EARTHDWELLER, LTD. and | ) | |
| THE WALDRON CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

MAY 31 2002

## **MEMORANDUM OPINION AND ORDER**

Native American Arts, Inc. ("NAA") sues Earthdweller, Ltd., and The Waldron Corporation ("Waldron") for violations of the Indian Arts and Crafts Act of 1990 ("the IACA"), 25 U.S.C. § 305e (Counts I, III, V, VII), and for punitive damages under the IACA pursuant to 25 U.S.C. § 305e(b) (Counts II, IV, VI, VIII). The claims arise from Waldron's alleged fraudulent offer, display, and sale of goods as Indian-produced. The court denied Waldron's motion for summary judgment and set the case for trial. Earthdweller is in default. NAA and Waldron move *in limine* to bar evidence at trial and exclude expert testimony.

**I.     Standard of Review**

The background of this case is discussed in the court's order denying Waldron's summary judgment motion. *See Native American Arts, Inc. v. Waldron Corp.*, 2002 WL 655683 (N.D. Ill. Apr. 22, 2002). The court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled

107

upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion demonstrates the court cannot determine whether the evidence in question should be excluded outside the trial context. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989); *Brom v. Bozell, Jacobs, Kenyon & Eckhardt*, 867 F. Supp. 686, 690-691 (N.D. Ill. 1994).

## II. NAA's Motions *in Limine*

### A. Contested Motions

**Motions *in Limine* 1 and 3.** NAA seeks to bar reference that it is not an Indian arts and crafts organization, and NAA employs two non-Native Americans. NAA also moves to bar reference that it is not listed in an Indian arts and crafts board source directory. In response, Waldron asserts the evidence is probative of NAA's lack of standing because NAA is not a "legally established Indian arts and crafts organization composed of members of Indian tribes." 28 U.S.C. § 305e(d)(4). Waldron failed to plead an affirmative defense that NAA lacked standing because it was not a legally established Indian arts and crafts organization. Failure to plead an affirmative defense of lack of standing is a waiver of that defense. *LINC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997); *Bank Leumi Le- Israel v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991); Fed. R. Civ. P. 8(c). Consequently, Waldron cannot challenge NAA's status as an Indian arts and crafts organization. Motions *in limine* 1 and 3 are granted.

**Motions *in Limine* 2 and 15.** NAA moves to bar reference to NAA's prior litigation or investigations. Further, NAA moves to bar reference to the dates and locations when it videotaped

retail stores where Waldron's products were sold. Waldron asserts NAA's pre-suit investigations are probative of when NAA knew or should have known Waldron's products were not Indian-made. In denying Waldron's motion for summary judgment, this court determined NAA raised a genuine dispute of fact about when NAA knew or should have known Waldron's products were not Indian-produced. *See Waldron Corp.*, 2002 WL 655683, at *3. NAA's pre-suit investigations are relevant to the statute of limitations issue. Motions 2 and 15 are denied.

**Motions *in Limine* 4, 11 and 16.** NAA moves to bar reference to the identification of NAA's suppliers. NAA seeks to exclude reference to Waldron's donations to Intertribal Bison Cooperative. Further, NAA moves to bar reference to Bear Tracks' use of a disclaimer or statement about the authenticity of its products. These motions are vague and conclusory. NAA does not identify its suppliers, explain the Intertribal Bison Cooperative's function, or identify the relevant statements of authenticity. NAA fails to sufficiently explain the grounds for the exclusion of evidence. Accordingly, the court cannot determine the evidence is clearly inadmissible. Motions *in limine* 4, 11, and 16 are denied.

**Motion *in Limine* 6.** NAA moves to bar reference to Michael Mullen's testimony before the U.S. Senate Committee on Indian Affairs concerning NAA's prior investigations into purported IACA violations. Waldron asserts Mullen's testimony is relevant to establish when NAA should have reasonably known its products were purportedly violating the IACA. NAA did not provide the court with Mullen's Senate hearing testimony. Accordingly, the court cannot determine all references to Mullen's testimony are clearly inadmissible. Motion *in limine* 6 is denied.

**Motion *in limine* 7.** NAA moves to bar reference to the testimony of various retailers of Waldron products. NAA contends the retailers will testify they did not believe Waldron's products

3

were authentic Indian goods. NAA contends the evidence is inadmissible hearsay. Waldron responds the retailers' testimony is not hearsay. NAA asserts Waldron named 17 individual retailers in a third supplemental Rule 26(a) disclosure after discovery closed on March 7, 2002. NAA does not identify the individuals retailers, attach the relevant Rule 26(a) disclosure, or identify the evidence it seeks to exclude. In response, Waldron argues the retailers were disclosed before March 7th. Waldron fails to provide support for that assertion. The court cannot rule on the admissibility of disputed evidence based on the parties' unsupported, conclusory assertions. Motion *in limine* 7 must be denied.

**Motion *in limine* 9.** NAA moves to bar reference to Sherry Baskin's opinion that NAA and Bear Tracks are competitors. NAA contends Baskin's testimony is inadmissible hearsay and opinion testimony. In response, Waldron asserts Baskin, Bears Tracks' general manager, will testify based on her personal knowledge. Accordingly, motion *in limine* 9 is denied.

**Motion *in limine* 10.** NAA seeks to bar reference to all Waldron product lines, except "Circle of Nations" and "Earthcharms" product lines. NAA asserts its claims involve the Circle of Nations and Earthcharms product lines only. In response, Waldron argues its marketing materials promote all Waldron product lines; those materials demonstrate it did not falsely suggest its products were Indian-made. NAA's motion is overbroad; granting the motion would exclude all Waldron's marketing materials. Waldron's marketing and advertising of its products are potentially probative of whether it offered products for sale that falsely suggested they were Indian-produced. Motion *in limine* 10 is denied.

## B. Uncontested Motions

The following motions *in limine* are granted as uncontested: motion *in limine* 5 to bar reference to the alleged inappropriateness of one Indian tribe from making products in the style or motif of another Indian tribe; motion *in limine* 8 to bar reference to Sherry Baskin's hearsay testimony about conversations with Bear Track's sales clerks; motion *in limine* 12 to bar reference to NAA's initial damages disclosure of $100,000,000; motion *in limine* 13 to bar reference to NAA's ability to bring a cause of action with the Ho-Chunk Nation or to bring other non-IACA claims; and motion *in limine* 14 to bar reference to NAA's filing of four separate actions that were consolidated in the present case.

## C. Motion *in Limine* to Bar Evidence for Discovery Violations

NAA moves to bar evidence that Waldron's products are not falsely suggestive of being Indian-produced. NAA argues Waldron refused to respond to its discovery requests seeking various Waldron products and tags. Discovery closed on March 7, 2002. NAA did not move to compel the production of Waldron's products or tags pursuant to Fed. R. Civ. P. 37(a) before discovery closed. NAA failed to seek enforcement of its discovery rights. Accordingly, the motion *in limine* is denied. *See Nichols v. City of Chicago*, No. 89 C 3526, 1992 WL 92117, at *3 (N.D. Ill. Apr. 30, 1992) (denying motion *in limine* because moving party failed to comply with Fed. R. Civ. P. 37(a)).

## D. Motion to Bar Reference to IACA's Statutory Damages Provision

NAA moves to bar reference to the IACA's damages provision. The IACA provides that a plaintiff may recover the greater of treble damages, or "not less than $1,000 for each day on which the offer or display for sale or sale continues." 25 U.S.C. § 305e. NAA asserts the parties disagree about whether the court or the jury should determine damages. NAA asserts the court should grant

its motion *in limine* if it determines bifurcation is warranted. Neither party has moved to bifurcate the trial on the issues of liability and damages. A motion *in limine* is an inappropriate procedural vehicle to address bifurcation of trial. NAA's motion must be denied.

### E. Motion to Exclude Expert Testimony of Linda A. Olson

NAA moves to exclude Linda A. Olson's expert testimony. Olson opines on Waldron's designs, motifs, and use of Native American stories on jewelry and product tags. An expert's testimony must rest on reliable foundation and must be relevant to the task at hand. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The court must consider whether the testimony has been subjected to the scientific method, and whether it assists the trier of fact. Fed. R. Evid. 702; *Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997). An expert may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Waldron bears the burden of establishing the admissibility of Olson's testimony. *Daubert*, 509 U.S. at 593.

Olson holds a Bachelor of Science in art and Master of Arts and Master of Fine Arts degrees in ceramic sculpture. Olson has been an associate professor at Minot State University in North Dakota since 1990, and she is the art department's coordinator. Olson is a professional artist. She has given numerous presentations and exhibitions, and served on various commissions on North American rock art. Her expertise focuses on rock art, petroglyphs, and pictographs. Olson is a member of various rock art professional organizations. Her expert report opines that various Native American images and stories are widely used, and the images are no longer exclusively associated with Native Americans.

NAA advances only conclusory assertions that Olson is not qualified to testify on Native American motifs and designs. NAA fails to address Olson's qualifications. Indeed, Olson's resume

presents qualifications that suggest she is skilled in Indian art, designs, and motifs because of her work in North American rock art. *See* Resp. Br., Ex. A, at p. 9-20; Ex. B, Olson Dep. at p. 54. Further, NAA must demonstrate Waldron's products are falsely suggestive of being Indian-made. Olson's testimony about Native American designs and motifs used in Waldron's tags and brochures would assist the trier of fact. Waldron's use of those Native American designs may rebut suggestiveness. NAA fails to demonstrate Olson's testimony should be excluded before trial, and the motion must be denied.

### F.    Motion to Exclude Brendan Burke's Expert Testimony

NAA moves to exclude Brendan Burke's expert testimony. Burke proffers rebuttal testimony on James T. Berger's expert opinions. Specifically, Burke opines Berger's estimate of $754.00 in actual damages is based on erroneous assumptions from unreliable sources. Burke further opines Berger's assumption that consumer spending on Native American products is evenly spread among the population of any given area is incorrect. Burke contends Berger's estimate of reputation damages is invalid because Berger fails to address the qualitative differences between NAA and Waldron products.

At the outset, NAA challenges Burke's qualifications. NAA asserts Burke conceded at his deposition he was not an expert witness. When Burke was asked when he became an expert, he answered: "I'm transitioning - I would say I'm still in the transition from becoming someone who helps support an expert to someone who does the testifying himself." Resp. Br., Ex. 2 at 31. NAA asserts Burke is not listed in his firm's website (Chicago Partners L.L.C.) as an expert witness. NAA's assertions lack merit. Burke's deposition testimony does not establish he is unqualified as a Fed. R. Evid. 702 expert witness. Nor does Burke's absence from a list of experts disqualify him

7

as a Rule 702 witness. The relevant inquiry is whether Burke's opinions employ the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Burke holds a PhD in pure mathematics. He currently serves as a director for Chicago Partners, L.L.C., where he performs statistical analysis. Burke has taught mathematics and statistics as a visiting assistant professor at Loyola University. NAA fails to address Burke's relevant qualifications and experiences. Further, NAA contests Burke's conclusions. Burke employs the same methodology as Berger - a market share analysis to determine lost profits. NAA asserts Burke's criticism of Berger's assumptions is incorrect and without support. Dispute over Burke's conclusions is an appropriate subject for cross-examination. Consequently, NAA fails to demonstrate Berger's testimony should be excluded before trial and the motion must be denied.[1]

### III. Waldron's Motions *in Limine*

#### A. Motions *in Limine*

Waldron moves *in limine* to bar substantial evidence at trial. Waldron's submission consists of 49 separate motions *in limine*. These motions are vague, conclusory, and overbroad. Waldron fails to state the basis for various motions *in limine*. Further, Waldron moves to bar evidence based on NAA's purported discovery violations. Waldron did not attempt to enforce its discovery rights pursuant to Fed. R. Civ. P. 37(a). Many motions *in limine* are incomprehensible because Waldron fails to sufficiently explain the evidence it seeks to exclude. *See e.g.* Motion *in Limine* 14 ("Any wholesale sale of Waldron's without proof of competition by NAA in the same wholesale market").

---

[1] Burke offers rebuttal expert testimony on Dr. Thomas Watkins' opinions. As discussed below, Dr. Watkins' testimony is inadmissible. Thus, Burke's opinions on Dr. Watkins' testimony are irrelevant.

8

Motions *in limine* are disfavored. *Knowles Electronics, L.LC. v. Micotronics U.S., Inc.*, No. 99 C 4681, 2000 WL 310305, at *1 (N.D. Ill. Mar. 24, 2000). The court may exclude evidence in advance of trial only when the evidence is clearly inadmissible. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Waldron's motions *in limine* are unduly burdensome. The court will consider objections as they arise at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Waldron's motions *in limine* are denied.

### B. Motion To Exclude James T. Berger's Expert Testimony

Waldron moves to exclude James T. Berger's expert testimony. Berger opines on NAA's purported market share loss due to Waldron's sale of its products. NAA is a wholesaler and retailer of authentic Indian-made goods. NAA argues it was injured by a reduction in sales caused by Waldron's marketing of non-authentic Indian products as authentic. The IACA imposes strict liability for each IACA violation, regardless of Waldron's intent. *See Ho-Chunk Nation, Inc. v. Nature's Gifts, Inc.*, No. 98 C 3951, 1999 WL 169319, at *6 (N.D. Ill. Mar. 19, 1999); *Native American Arts v. Village Originals*, 25 F.Supp.2d 876, 881-82 (N.D. Ill. 1998).

Loss of market share can be an appropriate method of assessing lost profits. *See BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1092-93 (7th Cir. 1994). NAA asserts it suffered actual losses from a diversion of sales from NAA to Waldron. NAA seeks damages for lost profits based on an alleged loss of market share. *See BASF Corp.*, 41 F.3d at 1094 (permitting loss of market share damages in a Lanham Act action for false advertising); *Outboard Marine Corp. v. Babock Indus.*, No. 91 C 7247, 1995 WL 296963, at *1-2 (N.D. Ill. May 12, 1995) (loss of market share may be used to calculate lost profits). To establish lost profits based on market share analysis, NAA must establish causation – Waldron's sale of falsely suggestive products caused NAA to lose potential

profits. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 746 (7th Cir. 1985) (aggrieved party must demonstrate lost sales to recover for unrealized growth potential). Waldron asserts NAA cannot demonstrate causation. In response, NAA argues it will offer evidence that sales were diverted from NAA to Waldron. Thus, Waldron's motion is premature.

Further, Waldron challenges Berger's assumptions and conclusions. Disputes between the parties' experts about assumptions and conclusions are appropriate grounds for exploration on direct and cross-examination. The weight and probative value of expert analyses are for the jury to determine. *Medcom Holding Co. v. Baxter Travenol Laboratories*, 106 F.3d 1388, 1400 (7th Cir.1997). Remarkably, neither party submits Berger's expert report. Thus, the court cannot independently evaluate the parties' assertions. Accordingly, the motion to exclude Berger's expert testimony must be denied.

### C. Motion to Exclude Dr. Thomas Watkins' Expert Testimony

Waldron moves to exclude Dr. Thomas A. Watkins' expert testimony. Dr. Watkins conducted a consumer survey to assess whether a select group of individuals believed Waldron's products were manufactured by Native Americans. Consumer surveys are generally admissible in Lanham Act actions, where the plaintiff must establish a likelihood of confusion between two trademarks. *Spraying Systems Co. v. Delavan, Inc.*, 975 F.2d 387, 394 (7th Cir.1992). "Survey evidence is the customary way of proving significant actual deception[.]" *First Health Group Corp. v. United Payors & United Providers, Inc.*, 95 F.Supp.2d 845, 848 (N.D. Ill. 2000).

Under § 305e, NAA must demonstrate Waldron's products falsely suggested they were Indian-produced through its marketing, advertising, and sale of the goods. Dr. Watkins retained a random group of individuals, provided them a Waldron product, and asked: "Does the *product* and

what's written on its card suggest to you that it's made by American Indians?." Resp. Br., Ex. A. at p. 4. (emphasis added). The IACA does not regulate artistic expression; it restricts the manner in which Waldron's products may be displayed, offered for sale, or sold to the public. Put another way, the IACA does not restrict Waldron's creation of goods in traditional Indian style and motif; the IACA is a truth-in-advertising law. *See Native American Arts, Inc. v. Bundy-Howard, Inc.*, 168 F.Supp.2d 905, 916 (N.D. Ill. 2001). Dr. Watkin's consumer survey is flawed because it targets Waldron's products, not the manner in which the products are displayed and offered for sale.

In addition, Dr. Watkins' survey includes questions about Waldron's catalogues and product tags. Dr. Watkins asked the survey group: "Does what you read on the back of the card suggest that the product it accompanies is made by American Indians?" Resp. Br., Ex. A at p. 4. Dr. Watkins provided the participants with a Waldron catalogue and asked: "Do you think this page suggests that the products available in its catalog are made by American Indians?" *Id.* at p. 5. Unlike trademark infringement actions, NAA does need not to establish consumer confusion between NAA's goods and Waldron's products to prove an IACA violation. *See e.g. Navistar Int'l Transp. Corp. v. Freightliner Corp.*, No. 96 C 6922, 1998 WL 911776 (N.D. Ill. Dec. 28, 1998). Thus, the survey evidence does not assist the trier of fact. Indeed, the questions posed to the survey participants are identical to the ultimate questions for the trier of fact. The jury must determine whether Waldron's tags and catalogues suggest Waldron's products are Indian-produced. Dr. Watkin's survey improperly encroaches on the jury's role to make factual determinations on the ultimate issue. The survey evidence would create unfair prejudice, confuse the issues, and mislead the jury. *See* Fed. R. Evid. 403; *United States v. Hall*, 93 F.3d 1337, 1342 (7th Cir. 1996). Accordingly, the motion to exclude Dr. Watkins' testimony must be granted.

## CONCLUSION

NAA's motions *in limine* are granted in part and denied in part. Motions *in limine* 1, 3, 5, 8, 12, 13, 14 are granted; motions *in limine* 2, 4, 6, 7, 9-11, 15, 16 are denied. NAA's motions *in limine* to bar Waldron's assertions that its products are not falsely suggestive of being Indian-made; expert testimony of Linda A. Olson and Brendan Burke; and to bar reference to IACA's statutory damages provision are denied. Waldron's conclusory and unsupported forty-nine motions *in limine* are denied as unduly burdensome. Waldron's motion *in limine* to exclude James T. Berger's expert testimony is denied. Waldron's motion *in limine* to exclude Dr. Thomas Watkins' expert testimony is granted.

May 29, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge