Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2370 | **DATE** | 4/28/2003 |
| **CASE TITLE** | Native American vs. Earth Dweller | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to reconsider is denied. Waldron Corporation's motion for leave to amend affirmative defenses is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | APR 2 9 2003 date docketed | 156 |
| ✓ | Notices mailed by judge's staff. | WB docketing deputy initials | |
| | Notified counsel by telephone. | 4/28/2003 date mailed notice | |
| | Docketing to mail notices. | TH mailing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge | | |

TH✓ courtroom deputy's initials

Date/time received in central Clerk's Office


DOCKETED
APR 29 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., Plaintiff, | ) | No. 01 C 2370 |
| v. | ) | |
| THE WALDRON CORPORATION, Defendant. | ) | Judge Amy J. St. Eve |

**MEMORANDUM OPINION AND ORDER**

Before an amendment to the Indian Arts and Crafts Act (the "Act"), 25 U.S.C. §305e, only a Native American tribe could bring a private party lawsuit under the Act. On November 9, 2000, Congress amended the Act to grant Native American arts and crafts organizations standing to sue. This Court concluded on January 21, 2003 that it was inappropriate to retroactively apply the amendment to the Act to allow Plaintiff to seek damages for conduct that occurred before November 9, 2000. *See Native Am. Arts, Inc. v. Waldron Corp.*, --- F.Supp.2d ----, 2003 WL 164210 (N.D. Ill. 2003).

Plaintiff filed a motion asking the Court to reconsider its January 21, 2003 ruling on several grounds. The Court disposed of most of Plaintiff's arguments in a February 3, 2003 order. (R. 143-1.) The Court ordered additional briefing on the issue of whether Defendant waived the issue that Plaintiff lacked standing before the 2000 amendment by not raising it as an affirmative defense in its answer. The Court finds that Defendant did not waive the issue because lack of standing is not an affirmative defense and is not subject to waiver. Accordingly, the Court denies Plaintiff's motion for reconsideration.



## ANALYSIS

### I. Lack Of Standing Is Not An Affirmative Defense Under Federal Law

Federal Rule of Civil Procedure 8(c) provides for the need to plead affirmative defenses. Rule 8(c) lists several affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. It does not list standing as an affirmative defense. *See id.* Standing's absence is not dispositive, however, because Rule 8(c)'s list is not exhaustive. *See* Fed. R. Civ. P. 8(c) (a party must plead "any other matter constituting an avoidance or affirmative defense.")

Where issues are not listed in Rule 8(c), therefore, courts must analyze whether they are affirmative defenses. By their nature, affirmative defenses require defendants to bear the burden of proof on those particular issues. *See Publications Int'l., Ltd. v. Landoll, Inc.*, 164 F.3d 337, 339-40 (7th Cir. 1998). Another way to look at it is that affirmative defenses are reasons why defendants are not liable even if they admit the facts alleged in the complaint. *Instituto Nacional de Comercializacion Agricola v. Continental Ill. Nat'l Bank & Trust Co.*, 576 F.Supp. 985, 989 (N.D. Ill.1983).

By these definitions, it is clear that standing is not an affirmative defense under federal law. This is true because Plaintiffs bear the burden of pleading and proving standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Indemnified Capital Invs., S.A. v. R.J. O'Brien & Assoc.*, 12 F.3d 1406, 1408 (7th Cir. 1993). Defendants can challenge standing on a motion to dismiss – where the only issue is whether plaintiffs can

establish the elements of their claims based on their allegations. *See* Charles Wright & Arthur Miller, 13A Federal Practice and Procedure § 3531.15 (2d ed. 1984). Courts can also raise the issue *sua sponte*. *Id.* It is apparent, therefore, that standing is a plaintiff's requirement to plead and prove. Accordingly, standing is not an affirmative defense.

**II. Standing Is Not A Waivable Issue**

Plaintiff's argument that the issue of standing is waivable flies in the face of clearly established Constitutional law. The issue of standing is "jurisdictional and not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n. 1, 116 S.Ct. 2174, 2178 n.1, 135 L.Ed.2d 606 (1996); *see also Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000); *Wiggins v. Martin*, 150 F.3d 671, 673 (7th Cir. 1998). Standing is a threshold requirement imposed by Article III of the Constitution, which limits federal subject matter jurisdiction to claims that present an actual case or controversy in whose outcome a plaintiff has a "personal stake." *Perry*, 222 F.3d at 313. Even where the parties agree that a plaintiff has Constitutional standing, courts must satisfy themselves that the jurisdictional requirement is met. *Rhodes v. Johnson*, 153 F.3d 785, 787 (7th Cir. 1998). *See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Defendant, therefore, has not waived the standing issue even if it contested standing for the first time at the pre-trial stage.[1]

---

[1] Plaintiff relies upon *LINC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997) in support of its position that lack of standing is a waivable affirmative defense. A closer look at *Linc Finance* reveals, however, that the Seventh Circuit had subject matter over that case through diversity jurisdiction. The Court was therefore applying state law pursuant to the *Erie* doctrine. Under Illinois law, lack of standing is an affirmative defense. *See Glisson v. City of Marion*, 720 N.E.2d 1034, 1039 (Ill. 1999). *Linc Finance* therefore does not stand for the proposition that lack of standing is a waivable affirmative defense under federal law.

## CONCLUSION

The Court finds that Defendant did not waive the argument that Plaintiff lacked standing under the Act by failing to list it as an affirmative defense in its answer. Standing is not an affirmative defense and it cannot be waived. Instead, it is a jurisdictional requirement that Plaintiff must plead and prove under federal law. Accordingly, Plaintiff's motion to reconsider is denied.

DATED: April 28, 2003

ENTERED:

AMY J. ST. EVE
United States District Judge