# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2370 | **DATE** | 11/6/2003 |
| **CASE TITLE** | Native American Arts vs. Earth Dweller | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This matter is before the court on plaintiffs Native American Arts, Inc. (NAA) and Ho-Chunk Nation's objections to certain proposed jury instructions relating to damages that were proposed by defendant The Waldron Corporation. Also, before the court is Waldron's objections to certain proposed jury instructions relating to damages that were proposed by NAA. For the reasons stated on the attached memorandum opinion, we overrule NAA's objections and sustain Waldron's objections. Enter Memorandum Opinion.

(11) ■ For further detail see Memorandum Opinion attached to the original minute order.

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, Memorandum Opinion handed out at pretrial conference. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 7 2003 date docketed | 195 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 NOV -6 PM 2:41 | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC., AND )
THE HO-CHUNK NATION, AN INDIAN )
TRIBE RECOGNIZED BY THE UNITED )
STATES GOVERNMENT, FOR AND ON )
BEHALF OF NATIVE AMERICAN ARTS, )
INC., )
)
                Plaintiffs, )
)
v. )    No. 01 C 2370
)
THE WALDRON CORPORATION, )
)
                Defendants. )

DOCKETED
NOV 0 7 2003

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs Native American Arts, Inc. ("NAA"), and Ho-Chunk Nation's objections to certain proposed jury instructions relating to damages that were proposed by Defendant The Waldron Corporation ("Waldron"). Also, before the court is Waldron's objections to certain proposed jury instructions relating to damages that were proposed by NAA. For the reasons stated below we overrule NAA's objections and sustain Waldron's objections.

## BACKGROUND

NAA filed suit against Waldron alleging violations of The Indian Arts and Crafts Act of 1990 ("1990 Act") and The Indian Arts and Crafts Enforcement Act of 2000 ("2000

1



Act"), 25 U.S.C. § 305e. NAA alleges that Waldron sold goods in a manner that falsely suggested that the goods were made by Indians in violation of the 1990 Act and 2000 Act. This case was first assigned to Judge Conlon who ruled that the statute is constitutional. Subsequently the case was assigned to Judge St. Eve who made various rulings including allowing a representative plaintiff to enter the case. On January 29, 2003, Judge St. Eve ruled on some objections to proposed jury instructions. However, she declined at that juncture to rule on the objections that pertained to the issue of whether NAA would be entitled to recover $1,000 per product that is in violation of the 1990 Act and 2000 Act or whether the NAA would be entitled to recover $1,000 per day that the offer or sale or display took place. Judge St. Eve indicated that the parties did not provide sufficient briefing on the issue for her to make an informed decision and thus she ordered the parties to provide supplemental briefing. NAA makes reference to "$1,000 per day per product" in Plaintiff's jury instruction numbers 30, 31, 32, and 34. Waldron makes reference to "$1,000 for each day" in Defendant's proposed jury instruction number 2. In the pretrial order both parties have also identified the damages issue as an unresolved legal issue.

## DISCUSSION

NAA argues that it should be entitled to damages in the amount of $1,000 per day per type of product that is in violation of the 1990 and 2000 Acts and Waldron argues that NAA is entitled to $1,000 per day that products were displayed in violation of the acts. The Seventh Circuit has not yet addressed this issue and thus neither party has provided controlling authority to support its position.

I. Section 305e of the 2000 Act

Section 305e(a)(1) and (2) of the 2000 Act states that a plaintiff is entitled to:

2

"obtain injunctive or other equitable relief; and . . . recover the greater of . . . treble damages; or . . . in the case of each aggrieved individual Indian, Indian tribe, or Indian arts and crafts organization, not less than $1,000 for each day on which the offer or display for sale or sale continues." 25 U.S.C. § 305e(a)(1), (2). NAA cites *Native American Arts, Inc. v. Bundy Howard, Inc.*, 168 F.Supp.2d 905 (N.D. Ill. 2001) in support of its position that it is entitled to $1,000 per product type per day. In that case the court held that it was clear from the use of the words "good" and "product" in singular form in the act that Congress intended damages to be measured according to each product type rather than solely according to the number of days that products were displayed collectively. *Id.* at 913. We disagree and we note that in that case the court dismissed the possibility that Congress intended damages to be multiplied by the number of individual items sold or displayed. *Id.* The court noted that if Congress intended the act to expose defendants to the "potentially astronomical liability of $1,000 per day for each individual product offered for sale or sold, it would surely have specified such extraordinary exposure explicitly - - and it did not." *Id.* That same logic applies to the interpretation that concludes that Congress intended to determine damages according to each type of product sold or displayed. In addition, the Seventh Circuit case *United States v. H.B. Gregory Co.*, 502 F.2d 700, 706-07 (7th Cir. 1974) which was cited by the court in *Bundy Howard Inc.* in support of its finding is not on point on this issue. *Id.*

Section 305e(a)(2) of the 2000 act makes no reference to damages for each good sold or displayed or for each type of good displayed or sold. However, the Section clearly states that the damages are to be calculated according to the number of days that the offer or display for sale continues. Simply because the initial portion of Section 305(e)(a) makes reference to a "good" rather than "goods" does not justify inferring that Congress intended damages to be measured according to the number of products in violation. The word "good" does not nullify Waldron's

interpretation because the "$1,000 per day" damages would apply whether it was a "good" or "goods." Simply because the plural form was not used in the initial portion of Section 305e(a) does not justify the inferences made by NAA.

Congress could have chosen to include in Section 305e(a) "per product per day" or "per type of product per day" but instead chose to limit the damage calculation to $1,000 per day that the items were displayed or sold. The section is not ambiguous and we will uphold the statute according to its plain language. *See Kelly v. Wauconda Park Dist.*, 801 F.2d 269, 270 (7th Cir. 1986)(stating that if the plain language of a statute is clear then a court cannot look beyond the words of the statute to interpret the statute and stating that a court should investigate the legislative history of a statute in order to interpret the statute only when the language of the statute is ambiguous).

We note that NAA explains in its supplemental brief on this issue that it is only seeking $1,000 in damages per day for each type of product displayed, not damages for each specific item that was displayed on a particular day. In support of their theory NAA has submitted its proposed jury instructions. Not only are the instructions unclear and confusing, they are based upon inaccurate interpretations of the statute. NAA's argument that they are not seeking damages "per product," recognizes that such language is not included in the statute, and their attempt to read into the statute the language damages "per type of product" fails inasmuch as such language was not provided by Congress. The court also notes that if damages were calculated according to the number of goods or types of goods displayed, a defendant's potential liability would be much higher than the potential liability of $1,000 per day. Thus, it is not reasonable to infer that damages are "per type" because such an inference would drastically alter the resultant damages from the amounts indicated by the plain meaning of Section 305e(a). In order to conclude that Congress intended such a result we would need to read into Section

4

305e(a), which is clear and unambiguous, verbiage stating "$1,000 per type of product per day" that Congress chose not to include in the section and we will not do so.

In addition, if damages were calculated according to the number of goods or types of goods displayed, such a reading of the statute would open the door to various interpretations resulting in different amounts of damages which would not survive constitutional scrutiny. In enacting the 1990 Act and 2000 Act, Congress provided for two methods of calculating damages and gave the option to the plaintiff to pursue the greater of: 1) treble damages, or 2) at least $1,000 per day on which the offer for sale, display, or sale continues. 25 U.S.C. § 305e(a)(2). In the 2000 Act, Congress indicated that for purposes of calculating treble damages the defendant's gross profits can be the basis for assessing damages. *Id.*

An analysis of potential liability under each of the two available damage calculation methods, as illustrated below, demonstrates that under NAA's interpretation of the statutory language of "$1,000 per day" the calculation of damages would be outrageous. For example, if a retailer displayed 10,000 items of various arts and crafts for sale in its store with a price tag of $20 per item, and during a period of one year it sold all 10,000 items with a gross profit of $10 per item (50%), the profits would be $100,000 for the year. The treble damages therefore would be $300,000 under the first method of damages enacted by Congress. Under the second method of damage calculation, if the "$1,000 per day" damage provision were interpreted to mean "$1,000 per day per item," then each day the damages would be $1,000 times 10,000 items, totaling 10 Million Dollars per day even if not a single item was sold. During the course of one year such damages would be 365 times 10 Million Dollars, totaling over 3 Billion Dollars. We believe that Congress would not have provided for such a gigantic disparity between the two methods of calculating damages. Even if damages were calculated according to types of products as suggested by the plaintiff instead of damages "per item," it will still result in a huge disparity.

On the other hand, under the second method for calculating damages at $1,000 per day, the above example would result in a total damages of $365,000 for the year which is comparable to the $300,000 damages under the first method for calculating treble damages.

II. Section 305e of the 1990 Act

NAA also seeks compensation for alleged violations that occurred before the passage of the 2000 Act. Pursuant to the 1990 Act a plaintiff was entitled to obtain injunctive or other equitable relief and to recover: "the greater of . . .treble damages; or not less than $1,000 for each day on which the offer or display for sale or sale continues." 25 U.S.C. § 305e(a)(1) and (2)(1990). Under the 1990 Act only the Attorney General or an Indian tribe could have commenced an action on behalf of an Indian arts and crafts organization such as the NAA. Under the 2000 Act in addition to the Attorney General and an Indian tribe an Indian arts and crafts organization is authorized to commence an action on behalf of itself. Since the damages calculations for the 1990 Act and the 2000 Act are virtually identical the above conclusions are equally applicable to the 1990 Act. The 1990 Act just like the 2000 Act provides that damages are to be not less than "$1,000 per day." It does not state damages not less than "$1,000 per product per day" or "$1,000 per product type per day." Therefore, for these reasons and the reasons included above in reference to the 2000 Act we sustain Waldron's objections.

## CONCLUSION

Based on the foregoing analysis we sustain Waldron's objections to Plaintiff's instruction numbers 30, 31, 32, and 34 and deny NAA's objections to Defendant's proposed instruction number 2.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: NOV. 6, 2003